UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

WILLIAM TYREE,                )
     Petitioner,              )
                              )
     v.                       )    C.A. No.  09-11612-MLW
                              )
PETER PEPE,                   )
     Respondent.              )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                    September 27, 2010

     On February 7, 2006, pro se petitioner William Tyree, who is incarcerated at MCI Concord, filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 in a pending civil rights action brought under 42 U.S.C. §1983.[1]  In the petition, Tyree complains that he is being held indefinitely in segregation because he refuses to enter the general prison population, where he will be required to share a cell with another inmate.  He asks to be transferred to Souza-Baranowski Correctional Center, where only one inmate is assigned to each cell.  The court dismissed the §1983 action, but declined to act on the §2241 petition because the court was without authority to grant habeas relief in a civil rights action.  The court permitted Tyree to pursue his §2241 petition in a separate action, provided that he paid the $5.00 filing fee or

---

[1] In the civil rights action, Tyree challenged restrictions on his right to vote.  See Aug. 24, 2009 Order at 1-2, Tyree v. Galvin, C.A. No. 06-10232-MLW (describing claims).

moved to proceed in forma pauperis.

Tyree subsequently filed an amended §2241 petition and paid the filing fee, and the court ordered that the amended §2241 petition be served on the proper respondent, Peter Pepe, superintendent of MCI Concord. See Oct. 2, 2009 Order at 2. The amended §2241 petition asserts that various conditions of Tyree's confinement violate the Constitution, including the process used to assess his security risk, the process used to assign him to a cell in the general population, and his placement in segregation because he refused to enter the general population and share a cell. Respondent has moved to dismiss the petition because Tyree failed to exhaust all available state remedies. However, the court is not dismissing the case on that ground. Rather, because Tyree is not seeking immediate or speedier release from confinement, his claim has been improperly filed as a habeas petition and is being dismissed without prejudice.

The Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). If, however, a prisoner "is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody," an action under

28 U.S.C. §1983 or the doctrine of Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), is the appropriate vehicle to request relief. Preiser, 411 U.S. at 499; see Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997)); Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998). Furthermore, it is established that where, as here, an inmate's claim concerns his placement into solitary confinement, then it is a challenge to the conditions of his confinement.[2] See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991) (stating that an inmate's claim regarding his placement in solitary confinement is "most definitely" a challenge regarding conditions of confinement).

Tyree's petition challenges his placement in segregation within a particular corrections facility and, therefore, challenges the conditions of his confinement. See Preiser, 411 U.S. at 498-99; Kelly v. Farquharson, 256 F. Supp. 2d 93, 103 (D. Mass. 2003)(dismissing habeas claims challenging conditions of

---

[2] "While the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified." Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) (discussing Preiser).  The Supreme Court in Preiser acknowledged that "when a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal [. . . but] we need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under §1983." 411 U.S. at 499-500.

confinement, including transfers between facilities). He has not alleged or presented evidence that his detention in segregation in this facility will have an effect on the timing of his release from prison. Thus, the appropriate vehicle for Phelps' claim is a civil rights action rather than a habeas petition. See Preiser, 411 U.S. at 498-99.

Dismissal of these claims without prejudice is appropriate because the substantive and procedural differences between habeas and civil rights claims make it difficult to convert a habeas petition into a civil rights action. See Glaus v. Anderson, 408 F.3d 382, 388-390 (7th Cir. 2005); Fink v. Grondolsky, C.A. No. 10-40061, 2010 WL 1427527, at *2-4 (D. Mass. Apr. 7, 2010). Important differences include (1) the identity of the defendant (the warden versus the doctors, guards, or others responsible for the alleged injury); (2) the amount of the filing fee ($5 v. $350);[3] (3) the way in which exhaustion must be accomplished if the Prisoner Litigation Reform Act ("PLRA") applies; (4) the type of restriction on successive lawsuits; and (5) the availability of money damages. See id.; see also Muhammad v. Close, 540 U.S. 749, 751 (2004) (damages not available for prisoner seeking habeas relief).

Accordingly, it is hereby ORDERED that:

1. Tyree's Amended Petition for Writ of Habeas Corpus (Docket

---

[3] See Local Rules of the United States District Court for the District of Massachusetts, App'x A, Fee Schedule ¶A.

No. 7) is DISMISSED without prejudice to reconsideration if the petitioner shows cause for reinstatement within 30 days.

    2. All pending motions are MOOT.

                                        /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE